**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

WESLEY DEAN HESTER,

Plaintiff,

v. Case No. 23-cv-0516-DHU-LF

LEA COUNTY CORRECTIONAL FACILITY (GEO GROUP) STAFF, *et al*,

Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Wesley Dean Hester's Prisoner Civil Complaint (Doc. 1-1) (Complaint). Also before the Court are his motions to appoint counsel and for injunctive relief (Docs. 5, 7). Plaintiff is incarcerated and proceeding *pro se*. He challenges his conditions of confinement and alleges, inter alia, that prison officials were deliberately indifferent to his health and safety. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915A, the Court finds the Complaint fails to clarify how each Defendant was involved in the wrongdoing. The Court will dismiss the Complaint, deny the pending motions, and grant leave to amend.

**BACKGROUND**

Plaintiff is serving a state sentence at the Lea County Correctional Facility (LCCF). *See* Doc. 1-1 at 1. He uses a wheelchair and previously shared a cell with Isaiah Bolton, who helped Plaintiff navigate his disability. On March 21, 2021, Bolton placed a letter addressed to the Security Threat Investigation Unit (STIU) in his cell door. *Id.* at 3. Correctional Officer Alderette allegedly removed the letter and permitted a known prison gang member to view its contents. *Id.* Plaintiff believes this prompted a murder plot against himself and Bolton, but it is not clear they received

threats or suffered any attack. *Id.*

On March 30, 2021, Plaintiff was placed in disciplinary segregation. *See* Doc. 1-1 at 3. He was unable to eat due to stress, but prison officials alleged he was on a hunger strike. *Id.* Unnamed prison officials turned his water off at various points during the 21-day stay in segregation. *Id.* A doctor examined Plaintiff and ordered prison officials to reinstate the water supply, but they allegedly failed to comply. *Id.* Plaintiff further contends that his bedding in the segregation unit was infested with "vermin." *Id.* at 4. He filed a grievance after leaving the segregation unit, but Captain Martin allegedly maintained the grievance was resolved. *Id.* at 4. Nurse Practitioner Chamblin also allegedly cancelled a doctor's appointment scheduled for April 28, 2021, but the reason is unclear. *Id.* at 3-4.

Later that year, Bolton was reassigned to another prison. *See* Doc. 1-1 at 4. Bolton returned to LCCF about 18 months later, but prison administrators refuse to "reinstate him as [Plaintiff's] caretaker" and cellmate. *Id.* Plaintiff alleges he has suffered two strokes in recent years, which are "directly related to abuses including long periods of forced dehydration and no medical aid." *Id.*

The Complaint appears on the New Mexico Tort Claims Act (NMTCA) form and seeks damages/injunctive relief for "abuse" and the denial of "medical and legal access." *See* Doc. 1-1 at 1. A later motion clarifies Plaintiff seeks relief under state and federal law. *See* Doc. 7 at 1. The Court therefore liberally construes the Complaint to raise claims for cruel and unusual punishment, deliberate indifference to medical needs, and negligence under 42 U.S.C. § 1983 and the NMTCA, N.M.S.A. § 41-4-1, *et seq*. The Complaint names as Defendants: (1) GEO Group (GEO); (2) the New Mexico Corrections Department (NMCD); (3) Wexford Health Services (Wexford); (4) former LCCF Warden Dwayne Santistevan; (5) Nurse Practitioner Chamblin; (6) Mental Health

Director Massengil; (7) Corrections Officer Pollard; (8) Corrections Officer Alderette; (9) Captain Condarco; (10) Caseworker Gomez; (11) the New Mexico Attorney General; (12) the New Mexico Governor; (13) various unnamed LCCF staff members. *Id.* at 1-2. Defendant GEO removed the Complaint from state court, and the matter is ready for initial review.

**STANDARDS GOVERNING INITIAL REVIEW**

Section 1915A applies to all cases, including removals, where a prisoner-plaintiff sues a government entity or official. *See Carr v. Zwally*, 760 Fed. App'x 550, 554 (10th Cir. 2019) (applying § 1915A to inmate complaint, even though it was removed from state court). Under § 1915A, the Court has discretion to dismiss a prisoner civil rights complaint *sua sponte* "if the complaint ... is frivolous, malicious, or fails to state a claim on which relief may be granted" under Fed. R. Civ. P. 12(b)(6). *See* 28 U.S.C. § 1915A(b). To survive Rule 12(b)(6) review, a plaintiff must allege facts sufficient to state a plausible claim of relief. *See Carr*, 760 Fed. App'x at 570. A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements." *Id.* Moreover, if a *pro se* inmate

complaint fails to state a claim on initial screening, courts should generally grant leave to amend should unless amendment would be futile. *Id.*

**DISCUSSION**

Plaintiff's Eighth Amendment claims must be analyzed under 42 U.S.C. § 1983, which is the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask*, 446 F.3d at 1046.

Plaintiff's factual allegations – that he was deprived of water in disciplinary segregation and denied medical care, which led to a stroke – would ordinarily survive initial review. *See, e.g.*, *Womble v. Harvanek*, 739 Fed. Appx. 470, 473 (10th Cir. 2017) ("access to a sufficient supply of uncontaminated drinking water is a basic human need," and the lack of access qualifies as a "sufficiently serious deprivation to survive" Rule 12(b)(6) review). However, the Complaint does not sufficiently describe how each Defendant participated in the alleged wrongdoing. *See Pahls v. Thomas*, 718 F.3d 1210, 1225–26 (10th Cir. 2013) ("passive-voice [statements] showing that [plaintiff's] rights 'were violated'" are insufficient to state a cognizable claim). It is unclear, for example, which Defendants cut off Plaintiff's water supply in disciplinary segregation. The Complaint also fails to allege any other Defendant was subjectively aware that Plaintiff "faced a

substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Kikumura v. Osagie*, 461 F.3d 1269, 1293 (10th Cir. 2006) (setting forth the requirements for an Eighth Amendment claim for cruel and unusual punishment).

For these reasons, the Complaint (Doc. 1-1) fails to state a cognizable federal claim. The Tenth Circuit counsels that *pro se* plaintiffs should ordinarily be given an opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). Accordingly, the Court will permit Plaintiff to amend his complaint within thirty (30) days of entry of this Order. The amended complaint will supersede the original and must include all claims (state and federal) that Plaintiff wishes to assert in this lawsuit. When drafting an amendment, Plaintiff must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her...." *VanZandt v. Oklahoma Department of Human Services*, 276 Fed. App'x. 843, 847 (10th Cir. 2008) (quotations omitted). If Plaintiff does not know the name of each wrongdoer, he may use "unnamed defendants so long as [he] provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served." *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996). Plaintiff is further advised that a § 1983 plaintiff can only impose liability on supervisors or entity defendants if those defendants promulgate a policy which causes the constitutional deprivation. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003). The Court will defer ruling on whether to exercise jurisdiction over state law claims until after reviewing the amended complaint. If Plaintiff declines to timely submit an amended complaint or files another complaint that fails to state a cognizable federal claim, the Court may dismiss the federal claims with prejudice and remand any remaining claims to state court.

As to Plaintiff's procedural motions to appoint counsel and for a preliminary injunction (Docs. 5, 7), the Court finds such relief is premature. Plaintiff requests a mandatory injunction directing prison officials to provide outside medical care based on "ailments and complications" from his prior strokes. *See* Doc. 7. The injunction request provides no additional details about Plaintiff's medical issues or what type of outside care he seeks (*i.e.*, tests, a specialist, equipment, etc.). Without this information, the Court cannot find irreparable harm would occur in the absence of a preliminary injunction, nor can it craft an appropriate directive to prison officials. *See DTC Energy Grp., Inc. v. Hirschfeld*, 912 F.3d 1263, 1270 (10th Cir. 2018) (the "showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction").

"Courts are [also] not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take the case" on a *pro bono* basis. *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). This decision is a matter of discretion. *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012). Relevant factors include "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." *Rachel*, 820 F.3d at 397. Considering these factors, and because Plaintiff must still amend his federal claims, the Court will not ask a local attorney to represent Plaintiff on a *pro bono* basis at this time. The Court will deny Plaintiff's procedural motions to appoint counsel and for a preliminary injunction (Docs. 5, 7) without prejudice. Plaintiff may renew each request for relief if and when he files the amended complaint.

**IT IS ORDERED** that Plaintiff's Motion to Appoint Counsel (**Doc. 5**) and Motion to Request Emergency Injunctive Relief (**Doc. 7**) are **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint, as set forth above, within thirty (30) days of entry of this Order; and the Clerk's Office shall **MAIL** Plaintiff a blank civil rights complaint to assist with the amendment.

HON. DAVID H. URIAS
UNITED STATES DISTRICT JUDGE