IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WESLEY DEAN HESTER,

    Plaintiff,

v.                                                      Case No. 23-cv-0516-DHU-LF

GEO GROUP, *et al,*

    Defendants.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Plaintiff Wesley Dean Hester's Amended Prisoner Civil Rights Complaint (Doc. 11) (Amended Complaint). Plaintiff is incarcerated and proceeding *pro se*. He challenges his conditions of confinement at the Lea County Correctional Facility (LCCF), which is operated by GEO Group, Inc. (GEO). The Amended Complaint alleges prison officials made false statements about Plaintiff, which endangered his life and prompted other inmates to issue death threats. Plaintiff was then placed in segregation, where prison officials allegedly cut off his water supply. The Amended Complaint further alleges prison officials failed to dispense Plaintiff's prescribed medications. Plaintiff uses a wheelchair and has multiple health conditions, including diabetes, high blood pressure, and an ongoing MRSA infection. The Amended Complaint seeks damages under 42 U.S.C. § 1983 and the New Mexico Torts Claims Act (NMTCA), N.M.S.A. § 41-4-1, *et. seq.*

    The factual scenario Plaintiff describes is serious and survives initial review under 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915A (requiring *sua sponte* review of prisoner complaints before the defendants are ordered to file an answer). By a Memorandum Opinion and Order entered January 19, 2024, the Court explained that before ordering an answer, Plaintiff must

identify how each named Defendant participated in the alleged wrongdoing. *See* Doc. 9 (citing *Pahls v. Thomas*, 718 F.3d 1210, 1225–26 (10th Cir. 2013)). Plaintiff filed the instant, Amended Complaint on February 12, 2024. *See* Doc. 11. The Amended Complaint names the following Defendants: (1) GEO; (2) New Mexico Corrections Department (NMCD); (3) Wexford Health Services (Wexford); (4) Former LCCF Warden Dwayne Santistevan; (5) Nurse Practitioner Aiste Chamblin; (6) Mental Health Director Stacy Massengil; (7) Correctional Officer Keagen Pollard; (8) Correctional Officer Alderette; (9) Captain Rick Condarco; (10) Segregation Caseworker Rachel Gomez; (11) Grievance Coordinator Valeriano; (12) Caseworker Smith; (13) Unnamed LCCF Correctional Officers; (14) the New Mexico Attorney General; and (15) the New Mexico Governor. *See* Doc. 11 at 1-3.

Construing the *pro se* allegations liberally, the Amended Complaint sufficiently connects Chamblin, Massengil, Pollard, Alderette, Condarco, Gomez, Valeriano, and Smith to the above factual allegations. The Amended Complaint also alleges the prison supervisors and entity-Defendants, including GEO, NMCD, Wexford, and Santistevan failed to train/supervise employees, which warrants an answer from those parties. The Court will therefore direct GEO; NMCD; Wexford; Santistevan; Chamblin, Massengil, Pollard, Alderette, Condarco, Gomez, Valeriano, and Smith to file an answer to the Amended Complaint. The Court will also refer this case to the Hon. Laura Fashing for a *Martinez* investigation, if appropriate. *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (A *Martinez* report is "a court-authorized investigation and report" used in *pro se* prisoner cases to evaluate the "factual or legal bases for [the] claims.").

YLAW, P.C. has already entered an appearance on behalf of GEO, Massengil, Pollard, Condarco, and Gomez (hereinafter, the "GEO Defendants"). The GEO Defendants shall file an

answer to the Amended Complaint (Doc. 11) within thirty (30) days of entry of this Order. By the same deadline, the GEO Defendants must also file a response to Plaintiff's Motion Requesting Emergency Injunctive Action (Doc. 10), which requests medical care from an outside physician. The Court or Referral Judge may consider/require additional responses to that motion from the remaining Defendants if/when they appear in the case, depending on the record and the response from the GEO Defendants.

The Clerk's Office will mail notice and waiver of service forms, along with the copy of the Amended Complaint and Plaintiff's motion, to the following Defendants who have not yet appeared in this case: NMCD; Wexford; Santisteven, Chamblin, Alderette, Valeriano, and Smith. Plaintiff provided a list of addresses for each Defendant. *See* Doc. 12. If the initial attempt to obtain a waiver of service fails, Plaintiff may need to provide updated addresses and obtain leave to proceed *in forma pauperis* before the Court orders personal service by the U.S. Marshal. *See* Fed. R. Civ. P. 4(c)(3) (noting th U.S. Marshal personally services complaints where the plaintiff is proceeding *in forma pauperis*).

With respect to the remaining named Defendants – the New Mexico Attorney General and New Mexico Governor Lujan Grisham - the Court finds the Amended Complaint fails to state a cognizable claim. The Amended Complaint lists the names of those Defendants among the group of prison supervisors/operators that allegedly failed to train and supervise prison employees. *See* Doc. 11 at 6. However, the allegations do not demonstrate how or why the Attorney General or Governor would be personally involved in the day-to-day operations of LCCF or why those Defendants would promulgate policies relevant to one prison's medical unit or provision of water in segregation. The Court will therefore dismiss the claims against the New Mexico Attorney

General or New Mexico Governor Lujan Grisham without prejudice.

Finally, the Amended Complaint names several Unnamed LCCF Correctional Officers. The Tenth Circuit has "recognized the ability of a plaintiff to use unnamed defendants so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served." *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996). Plaintiff has not included a description of the Unnamed Defendants, and there is no clear answer in the case law on when the identification must occur. The Tenth Circuit has affirmed the dismissal of unnamed defendants on screening where the complaint lacked sufficient information to effectuate service, but it has also left open the possibility of resolving the issue on summary judgment. *Compare Mayfield v. Presbyterian Hospital Administration*, 772 Fed. App'x 680, 686 (10th Cir. 2019) (affirming screening dismissal) and *Ellis v. Oliver*, 714 Fed. App'x 847, 850 n. 1 (10th Cir. 2017) (affirming summary judgment ruling). Based on the serious nature of the allegations, the Court declines to dismiss any claims against Unnamed Defendants at this stage. Plaintiff may identify additional Unnamed Defendants within a reasonable time, and prior to any dispositive ruling. Plaintiff should file a separate motion seeking service on the Unnamed Defendants, if and when he identifies them, and/or a separate motion seeking discovery, if necessary.

**IT IS ORDERED** that within thirty (30) days of entry of this ruling, Defendants GEO, Massengil, Pollard, Condarco, and Gomez shall file an answer to the Amended Complaint (**Doc. 11**) and a response to Plaintiff's Motion Requesting Emergency Injunctive Action (**Doc. 10**).

**IT IS FURTHER ORDERED** that the Clerk's Office shall **ISSUE** Notice and Waiver of Service Forms, along with a copy of this Order, the Amended Complaint (**Doc. 11**), and the Motion

Requesting Emergency Injunctive Action (**Doc. 10**), to Defendants NMCD; Wexford; Santisteven, Chamblin, Alderette, Valeriano, and Smith; and the Clerk's Office shall use the addresses listed in Plaintiff's Notice Regarding Summons (**Doc. 12**).

**IT IS FINALLY ORDERED** that all claims in the Amended Prisoner Civil Rights Complaint (**Doc. 11**) against the New Mexico Attorney General and New Mexico Governor Lujan Grisham are **DISMISSED without prejudice** for failure to state a cognizable claim under 28 U.S.C. § 1915A.

_____
HON. DAVID URIAS
UNITED STATES DISTRICT JUDGE