**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

WESLEY DEAN HESTER,

Plaintiff,

v. Case No. 2:23-cv-00516 DHU-LF

LEA COUNTY CORRECTIONAL FACILITY (GEO GROUP) STAFF; NEW MEXICO CORRECTIONS DEPARTMENT; WEXFORD HEALTH SERVICES AND STAFF THEREOF,

Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff Wesley Dean Hester's Motion Requesting the Court to Request Counsel to Represent Plaintiff, filed March 29, 2024 (Doc. 21); Amended Motion Requesting the Court to Request Counsel for Plaintiff, filed June 21, 2024 (Doc. 39); and the Court's *sua sponte* Order for Briefing regarding the appointment of a guardian ad litem, filed December 12, 2024 (Doc. 97). Having reviewed the parties' submissions and the applicable law, the Court rules on the motions as outlined below.

**GUARDIAN AD LITEM**

Federal Rule of Civil Procedure 17(c) states that "an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Several filings indicated that Mr. Hester may have become incapacitated following a stroke in November 2024. *See* Doc. 97 (citing Doc. 88-1 at 2; Doc. 82 at 1). The Court ordered briefing from the defendants, and

allowed Mr. Hester the opportunity to brief the matter if he chose, regarding whether a guardian ad litem must be appointed under Rule 17(c).

A person is incompetent under Rule 17(c) when that person lacks "the capacity to litigate under the law of his state of domicile." *Graham v. Teller Cnty., Colo.*, 632 F. App'x 461, 465 (10th Cir. 2015). Under New Mexico law, "[t]he test of mental capacity is whether a person is capable of understanding in a reasonable manner, the nature and effect of the act in which the person is engaged." *In re Estate of Head*, 1980-NMCA-096, ¶ 15, 94 N.M. 656, 659, 615 P.2d 271, 274; *see also Freeman v. Lavin Trans, Inc.*, No. 1:23-cv-00796 KG-JFR, 2024 WL 552055, at *1 (D.N.M. Feb. 12, 2024) (applying this test in a Rule 17(c) inquiry). Persuasive authority holds that district courts need not act *sua sponte*, as this Court has, to determine whether Rule 17(c) applies; rather, the Court's obligation begins when it is presented with verifiable evidence of incompetency, such as by a mental health professional, another court, or a relevant public agency. *Carton v. Cole MT Albuquerque (San Mateo) NM LLC*, No. 1:17-cv-00038-KBM-JHR, 2018 WL 1406590, at *4 (Armijo, J.) (D.N.M. Mar. 19, 2018) (citing *Perri v. City of New York*, 350 F. App'x 489, 491 (2d Cir. 2009); *Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012)).

Under this standard, the Court finds that Mr. Hester is competent for the purposes of civil litigation pursuant to Rule 17(c). To this Court's knowledge, Mr. Hester has never been adjudicated incompetent and is not being treated for mental illness. Mr. Hester suffered a stroke on or about November 4, 2024, *see* Doc. 88-1 at 1–2, and received care at Covenant Health Hobbs Hospital and Mountain View Regional Medical Center until November 15, 2024, after which time he was transported to the Central New Mexico Correctional Facility Long Term Care Unit (the "LTCU"), where he remains for rehabilitation, *id.* at 2. At a status conference the Court held by Zoom on Friday, January 31, 2025, counsel for Wexford Heath Services stated that she

had spoken with a nurse at the LTCU and was informed that Mr. Hester only is receiving physical rehabilitation therapy; there is no concern that he lost mental capabilities as a result of his stroke. Doc. 113 at 2. Additionally, the Court spoke to Mr. Hester at the January 31 status conference and observed that he could speak, respond appropriately to questions, and raise independent concerns such as his ability to write.[1]

In light of this information, the Court finds that Rule 17(c)'s obligation to provide a guardian ad litem is not triggered under the present circumstances. If any party becomes aware of information to the contrary, such as a subsequent medical event that causes Mr. Hester's mental capacity to deteriorate, the Court orders that party to file a status report containing all pertinent information.

## MOTIONS TO APPOINT COUNSEL

### I. Background

In his initial motion to appoint counsel, Mr. Hester states that he requires counsel because he is "physically and mentally disabled to the extent that all documents (including this one) have to be prepared and transcribed for [him] by a caretaker/assistant," that his case "deals with serious matters, with [his] very life directly at stake," that the case involves a vast amount of evidence, and that the case is more complex than he can "fully and properly present, especially with [his] current circumstances and rapidly failing health." Doc. 21 at 1.

In his amended motion requesting counsel, Mr. Hester states that "[t]he defendants are intentionally delaying and tampering with [his] legal mail" so that he cannot file timely responses to motions, and that he requires counsel to assist him. Doc. 39 at 1. He states that the

[1] This status conference was not an evidentiary hearing; rather, the Court sought to confirm that Mr. Hester was receiving court filings via mail. Nonetheless, the Zoom video conference allowed the Court to see and communicate with Mr. Hester, from which it derived these observations.

law library is not wheelchair accessible and that he is mostly blind, which prevents him from researching case law to support his claims. *Id.* at 2. He adds that the defendants are depriving him of the ability to communicate with witnesses or access records he would like to enter into evidence. *Id.*

## II. Legal Standard

Generally, no constitutional right to counsel exists in civil proceedings. *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988). Indigent prisoners may move for the Court to request counsel in civil cases pursuant to 28 U.S.C. § 1915(e)(1), with the burden on the applicant "to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). Unlike an appointment of counsel in a criminal case, a court request for counsel pursuant to § 1915(e)(1) is just that: a request. *See Esquer v. New Mexico*, No. 1:15-cv-00091-MV-LF, 2015 WL 13658587, at *1 (D.N.M. Aug. 21, 2015).

The decision to request the voluntary assistance of pro bono counsel is in the district court's discretion, and it will only be overturned in "extreme cases" resulting in "fundamental unfairness." *Hill*, 393 F.3d at 1115 (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). The factors relevant to the district court's decision include "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

## III. Analysis

Although Mr. Hester's initial motion is sparse, his amended motion discusses his disabilities and the complexity of his case in more detail. The Court considers Mr. Hester's arguments in light of the *Rucks* factors below.

### A. The Merits of the Litigant's Claims

Though *Rucks* did not explicitly define at what point a claim is meritorious enough to support a request for counsel, it considered whether the plaintiff had a "likelihood of prevailing on the merits." *Id.* at 979. Another Tenth Circuit case considered whether a plaintiff has a "colorable" claim by considering whether the case survives a motion for summary judgment. *McCarthy*, 753 F.2d 836. Here, the Court has not ruled yet on the pending motions for summary judgment. *See* Docs. 56, 68. As the case stands, however, Mr. Hester's claims thus far have survived a motion to dismiss, *see* Doc. 110, unless the presiding judge rejects the proposed findings and recommended disposition. Accordingly, the claims in the case are at least colorable.

### B. The Nature of the Factual Issues Raised in the Claims

The factual issues in this case pertain to the medical treatment Mr. Hester has received while incarcerated, an alleged false and malicious rumor spread by a prison guard that led to threats of violence by other inmates, Mr. Hester's treatment while placed in segregation, and alleged retaliatory conduct by a guard in response to Mr. Hester's lawsuit.[2] Some of the factual issues attendant to these claims are complex, at least insofar as they involve questions of appropriate medical treatment. However, Mr. Hester so far has litigated these matters ably, notwithstanding their complexity. He has alleged relevant facts with appropriate detail and

[2] The Court permitted Mr. Hester to amend his complaint to add a First Amendment claim, but he has not yet filed an amended complaint; the deadline to do so is pending. *See* Doc. 111.

sufficient explanation to demonstrate to the Court that the factual issues in this case are within his capacity to litigate.

**C. The Litigant's Ability to Present His Claims**

Thus far, Mr. Hester has presented his claims clearly, concisely, and intelligibly. His filings have raised logical arguments and have responded to the issues raised by defendants. *See McCleland v. Raemisch*, No. 20-1390, 2021 WL 4469947, at *5 (10th Cir. Sept. 30, 2021) ("McCleland's filings in the district court and on appeal show he is a capable pro se litigant. He understands court procedure, writes cogently and concisely, and he knows how to find relevant cases and other authorities."). Indeed, he has prevailed on several motions. *See* Doc. 86 (granting Mr. Hester's motion to unseal); Doc. 110 (recommending that the presiding judge partially deny New Mexico Correctional Facility's motion to dismiss); Doc. 111 (partially granting Mr. Hester's requested amendments and granting his request for discovery). He has received assistance in the physical act of writing, which the Court understands he can continue to receive from a different individual while he is at the LTCU. *See* Doc. 113 at 2.

Under these circumstances, the Court finds that Mr. Hester can present his claims adequately while proceeding *pro se*.

**D. The Complexity of the Legal Issues Raised by the Claims**

Mr. Hester brings claims for cruel and unusual punishment in violation of the Eighth Amendment, denial of due process in violation of the Fourteenth Amendment, and retaliation and free speech suppression in violation of the First Amendment.[3] Doc. 11 at 6. The Tenth Circuit has considered similar claims to be "relative[ly] simpl[e]" in the context of a request for counsel in a

[3] As stated above, the Court granted Mr. Hester leave to amend his complaint to include the First Amendment claim, but Mr. Hester has not yet amended his complaint.

civil case. *Scott v. Hormel*, 854 F. App'x 958, 960 (10th Cir. May 5, 2021) (addressing an inmate's claims for "deliberate indifference to his medical needs in violation of the Eighth Amendment"); *see also Abu-Fakher v. Bode*, 175 F. App'x 179, 185 (10th Cir. Mar. 16, 2006) (inmate's Eighth Amendment claims of deliberate indifference to serious medical needs and excessive force were "not particularly complex" in appointment of counsel analysis). Mr. Hester's claims are of a similar character to the claims in *Scott* and *Abu-Fakher*, and therefore are not of special legal complexity. This factor weighs against a request of counsel.

### E. Conclusion

Based on the *Rucks* factors, the Court finds that Mr. Hester has not carried his burden to demonstrate that it is necessary for the Court to request counsel for him. He has litigated capably so far, and he has access to resources to assist him (such as help with the physical act of writing) where his abilities reach their limits. The case is not so complex legally or factually that a pro se litigant cannot manage it. Accordingly, the Court denies Mr. Hester's motions for counsel (Docs. 21, 39).

## CONCLUSION

Based on the standards set out in the persuasive authority cited above, the Court will not appoint a guardian ad litem in this case. Additionally, the Court denies Mr. Hester's Motion Requesting the Court to Request Counsel to Represent Plaintiff, Doc. 21, and his Amended Motion Requesting the Court to Request Counsel for Plaintiff, Doc. 39.

It is so ordered.

**THE PARTIES ARE NOTIFIED that pursuant to Local Rule 73.1(a), a magistrate judge is assigned to this case "to preside over all non-dispositive pre-trial matters in accordance with FED. R. CIV. P. 72(a)." D.N.M.LR-Civ. 73.1(a). "A party may serve and file objections to [a magistrate judge's order on a non-dispositive pre-trial matter] within 14 days after being served with a copy." FED. R. CIV. P. 72(a). The party's objections must be both timely and specific to preserve an issue for review by the district court or appellate court. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). If objections are timely filed, the district judge must consider the objections, but will only set aside those parts of the magistrate judge's order which are "clearly erroneous" or "contrary to law." FED. R. CIV. P. 72(a). If objections are not timely filed, the firm waiver rule applies. *See Sinclair Wyoming Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 781–83 (10th Cir. 2021) ("the firm waiver rule applies when a party fails to object to a magistrate judge's non-dispositive ruling under Rule 72(a)"). "Under the firm waiver rule, a party who fails to make a timely objection to the magistrate judge's ruling waives appellate review of both the factual and legal questions." *Id*. at 781 n.23 (citations and alteration omitted); *see also* FED. R. CIV. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to.").**

LAURA FASHING
UNITED STATES MAGISTRATE JUDGE