IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WESLEY DEAN HESTER,

      Plaintiff,

v.                                                                       Case No. 2:23-cv-00516 DHU-LF

LEA COUNTY CORRECTIONAL FACILITY
(GEO GROUP) STAFF; NEW MEXICO
CORRECTIONS DEPARTMENT; WEXFORD
HEALTH SERVICES AND STAFF THEREOF,

      Defendants.

## AMENDED[1] MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon three motions by Plaintiff Wesley Hester: Motion to Clarify, filed March 20, 2024 (Doc. 18); Motion Seeking Discovery, filed March 29, 2024 (Doc. 22); and Motion to Amend, filed August 15, 2024 (Doc. 45). Because these motions require similar underlying analysis, the Court addresses them together and rules on them as described below.

### GENERAL BACKGROUND

Mr. Hester is an inmate at the Lea County Correctional Facility.[2] Doc. 11 at 2. He seeks damages and injunctive relief under 42 U.S.C. § 1983 and the New Mexico Tort Claims Act

---

[1] The Court *sua sponte* reconsiders and amends its original Memorandum Opinion and Order in response to objections filed by the GEO Defendants on February 4, 2025. To the extent that this Amended Order does not address the GEO Defendants' objections, those objections will be addressed by Judge Urias. To the extent that any party objects to any portion of this Amended Order, the party must file its objections in compliance with FED. R. CIV. P. 72(a) within 14 days of the filing of this order.

[2] Since the filing of his amended complaint, Mr. Hester was moved to the Central New Mexico Correctional Facility in the Long Term Care Unit on or about November 15, 2024, after receiving care from "outside medical facilities" from November 5, 2024, until November 15, 2024. Doc. 91.

("NMTCA"), N.M. STAT. ANN. § 41-4-1 *et seq.*, for "cruel and unusual punishment, deliberate indifference, negligence, and denials of due process committed by the defendants." Doc. 11 at 2. The defendants are the GEO Group, Inc. ("GEO Group"), which runs the Lea County Correctional Facility ("LCCF"); individual employees of LCCF/the GEO Group Dwayne Santistevan, Stacy Massengill-Munroe, Keagen Pollard, Rick Condarco, Rachel Gomez, Moriama Valeriano (collectively with the GEO Group, the "GEO Defendants"); the New Mexico Corrections Department ("NMCD"); Wexford Health Services ("Wexford"), the entity that provides medical care at the prison; and Aiste Chamblin, a nurse practitioner who works for Wexford (together with Wexford, the "Medical Defendants"). Doc. 11 at 3–4. Specifically, Mr. Hester alleges that the defendants have withheld medications, water, and medical testing and treatments, which have exacerbated his medical conditions and led to strokes, partial blindness, hearing loss, partial paralysis, and other serious medical consequences. *Id.* Mr. Hester is "wheelchair-bound" and, following the medical complications he cites, is "almost completely incapacitated." *Id.*

## MOTIONS TO CLARIFY AND AMEND

First, the Court addresses Mr. Hester's Motion to Clarify (Doc. 18) and Motion to Amend (Doc. 45).

### I. Motion to Clarify (Doc. 18)

The Motion to Clarify highlights the impact of Mr. Hester's strokes on the litigation and raises Mr. Hester's concerns regarding the fact that an earlier memorandum opinion and order did not discuss the strokes. *See* Doc. 18 at 1. It contains within it a motion to amend, *id.* at 2, which seeks to add the following language:

> C)(i) Count III: Plaintiff was subjected to cruel and unusual punishment in violation of the 8th amendment to the constitution by;

> L. Plaintiff incorporates supporting facts 1 through 24 and claims A through K as though they were stated fully herein.
> M. Defendants Chamblin (NP) and Wexford; by denying me any diagnoses, tests, medications, or treatments for the 2 strokes that have left me an invalid, and the rapid decline of my health resulting from them.
> N. Defendants Chamblin (NP) and Wexford; by failing in their duties to train, equip, supervise, and direct personnel under their authority; and promulgating policies such that the abuses in claims A through M occurred.

Doc. 18 at 2. The Medical Defendants responded to the motion by stating that Mr. Hester has failed to provide evidence that he suffered from the strokes he discussed, that he is an invalid, or that the Medical Defendants exhibited negligence or mistreatment toward him. Doc. 27 at 1. Rather, they attach documentation in support of their argument that Mr. Hester refused medical treatment. *Id.*; *see also* Doc. 27-1; Doc. 27-2; Doc. 27-3.

Leave to amend should be freely granted unless a reason to deny leave is apparent, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Court notes that the Amended Complaint already contains Count I for cruel and unusual punishment in violation of the Eighth Amendment against the Medical Defendants for "denying [Mr. Hester] vital medications . . . , diagnoses, tests, medications, or treatments for effects of . . . 2 strokes[.]" Doc. 11 at 6. Accordingly, the Court denies the motion to amend as to subsection M because that allegation already exists in the Amended Complaint.

As for the other new claim, the Medical Defendants did not directly address the substance of proposed subsection N, which claims that they failed to train, equip, supervise, and direct personnel under their authority. Their argument is that the proposed amendment is "meritless." Doc. 27 at 2. But the question of whether the allegations have merit is, of course, the central

3

inquiry of a legal proceeding. This argument is more suitable in the context of a motion for summary judgment than in opposition to a motion to amend. Because defendants do not raise an argument challenging the legitimacy of the amendment itself—such as that it would be unduly prejudicial, motivated by bad faith, untimely, or so on—the Court finds no argument sufficient to supersede the directive that leave to amend be "freely give[n]." FED. R. CIV. P. 15(a)(2). Accordingly, the Court grants the motion to clarify with respect to all the proposed language *except* subsection M. Doc. 18.

II.     **Motion to Amend (Doc. 45)**

In his second motion to amend (Doc. 45), filed August 15, 2024, Mr. Hester seeks to add a defendant, "NMCD/LCCF Correctional officer [First Name Unknown] Sexton." Doc. 45 at 1. He adds this defendant's address and states that the defendant is "employed as LCCF Correctional officer" and acted "under color of state law by acting on behalf of NMCD and Geo [pursuant] to his employment and contract(s) with them," and that he is suing this defendant "in his individual capacity for damages." *Id.* He seeks to add the following language to section C identifying the causes of action:

> D)(i) Count IV: Plaintiff was subjected to suppression of his right to freedom of speech and the redress of grievances, in violation of the 1st amendment; cruel and unusual punishment, in violation of the 8th amendment; and denial of due process, in violation of the 14th amendment by;
>     O. Plaintiff incorporates supporting facts 1 through 29 and claims A through N as though they were stated fully herein.
>     P. Defendant Sexton; by habitually engaging in [harassment], threats, intimidation, and retaliation against me.
>     Q. Defendant Sexton; by repeatedly escalating in his acts against me after being notified of my filing grievances on him, and by repeatedly stating his actions are in retaliation for my lawsuit against the facility.
>     R. LCCF staff and administration, by condoning and failing to correct CO Sexton's actions, despite being fully notified many times.

*Id.* Additionally, he seeks to add the following language to the "Supporting Facts" section:

4

>25. On 10-27-23 CO Sexton threatened me by stating he was going to get me moved to another unit and raped by the inmates there. I grievanced this incident, but LCCF administration did nothing.
>26. From 10-27-23 onward, CO Sexton has continually threatened and [harassed] me, stating he was going to get my wheelchair taken away, stating "I'm gonna get you put back in Seg, I promise", and stating his actions were "What you get for trying to sue". I grievanced these incidents, but LCCF administration did nothing.
>27. On 2-9-24, I grievanced LCCF's failure to do anything about CO Sexton's actions, but LCCF administration did nothing.
>28. On 7-19-24, CO Sexton intentionally contaminated my lunch tray before I received it, and made threats against me when I tried to get a tray that had not been contaminated. I grievanced this incident, but LCCF administration did nothing.
>29. On 7-26-24, CO Sexton again intentionally contaminated my lunch tray before I received it. When I refused the contaminated tray, CO Sexton threatened me and stated "You wanna be suing this place, you're lucky I let you have a tray". I grievanced this incident, but LCCF administration did nothing.

*Id.* at 1–2.

The GEO Defendants responded in opposition to the motion to amend on August 23, 2024. Doc. 46. NMCD joined in the response, Doc. 47, as did the Medical Defendants, Doc. 49. The defendants argue that the events alleged in the proposed amendment began on October 27, 2023, and that Mr. Hester's Amended Complaint was filed February 12, 2024—that is, that the amendment is untimely because the allegations could have been included in the Amended Complaint. Doc. 46 at 6; *see also* Doc. 11. Further, they argue that Mr. Hester's earlier motion to clarify and amend, Doc. 18, was filed on March 20, 2024, and also did not include the allegations against CO Sexton even though it could have. *Id.* at 4. The defendants argue that in addition to being untimely, amendment would unduly prejudice them because the motion was not filed until the "eve of the *Martinez* Report deadline"—which was September 3, 2024—and that addition of CO Sexton as a defendant may lead to an additional *Martinez* investigation, which would delay the case.

Mr. Hester replies that he needed to exhaust his administrative remedies before he could include his allegations against CO Sexton. Doc. 61 at 1. He also states that it initially was not clear that CO Sexton was retaliating against Mr. Hester for the current lawsuit. *Id.*

Regarding the issue of prejudice, it is true that the *Martinez* Reports have been filed. *See* Docs. 52–55, 57, 66–67. The proposed amendments to the Amended Complaint could require supplemental *Martinez* Reports to address the claims against CO Sexton. But ample persuasive authority indicates that the need for additional discovery following a motion to amend, while inconvenient, does not constitute undue prejudice. *See Martinez v. FedEx Ground Package Sys., Inc.*, No. 1:20-cv-01052-SCY-LF, 2022 WL 3100894, at *2–3 (D.N.M. Aug. 4, 2022) (need for additional discovery creates little prejudice when it does not "significantly alter the complexion of [the] case or cause [defendants] to retread a significant amount of already-covered ground," partly because motion for summary judgment was still pending so discovery occurring during the pendency of motion would not delay case); *Nordwald v. Brightlink Comm'cns, LLC*, No. 2:20-cv-02528-JWL, 2021 WL 4399488, at *3 (D. Kan. Sept. 23, 2021) ("Generally, the fact that additional discovery will be required by an amendment does not constitute undue prejudice unless the opposing party is also denied a fair opportunity to prepare and present its case." (internal quotation marks omitted)); *S.E.C. v. Nacchio*, No. 1:05-cv-00480-MSK-CBS, 2008 WL 2756941, at *8 (D. Colo. July 14, 2008) (before trial date is set, and when other delays may also occur, extension of discovery deadlines does not constitute undue prejudice). Here, too, any additional discovery necessary because of the addition of one new defendant is unlikely to delay the case so severely as to prejudice the remaining defendants. The new facts and claim do not change the existing complexion of the case or render pointless the work that has been done; they

only add allegations that Mr. Hester faced retaliation for bringing the present lawsuit. As a result, the Court does not find undue prejudice.

The Court turns next to the timeliness issue. The allegations against CO Sexton begin on October 27, 2023, and continue through July 26, 2024. Doc. 45 at 1–2. The Amended Complaint was filed on February 12, 2024, approximately three and a half months after the alleged retaliatory behavior started, and Mr. Hester's first motion to amend was filed in late March 2024, approximately five months after the alleged retaliatory behavior started. *See id.*; Doc. 11; Doc. 18. Mr. Hester claims that he could not have brought the allegations against CO Sexton earlier because he had not exhausted his administrative remedies. *See* Doc. 61 at 1.

The Tenth Circuit has held that "denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay." *Minter*, 451 F.3d at 1206 (internal quotation marks omitted). Here, Mr. Hester's explanation is adequate: he was exhausting the administrative review process before adding the retaliation allegations to his complaint. Logically, allegations of retaliation for filing a complaint cannot be included in the original complaint, and the subsequent delay is explained. And, far from "mak[ing] the complaint a moving target," *id.* (internal quotation marks omitted), the addition of retaliation allegations flows naturally from the substance of the complaint rather than shifting underlying legal theories at the eleventh hour.

Accordingly, the Court GRANTS the Motion to Amend (Doc. 45). Mr. Hester is ordered to file his Second Amended Complaint, incorporating the changes permitted by this Court pursuant to its rulings on Documents 18 and 45, within thirty (30) days of the entry of this Memorandum Opinion and Order. Given the multiple motions to amend, the Court pauses to clarify: Mr. Hester is ordered to file a single Second Amended Complaint which contains the full

language of the Amended Complaint (Doc. 11) as well as the new language proposed in the motions to amend. It may not include the language from the Motion to Clarify/Amend (Doc. 18) that the Court did not approve above, and it may not include any new language not discussed in this Memorandum Opinion and Order.³

## MOTION SEEKING DISCOVERY

Mr. Hester filed a motion seeking discovery (Doc. 22) on March 29, 2024. He requests information regarding the two unnamed defendants in his case, including staff rosters listing the employees working in the segregation unit from March 30, 2021, to April 21, 2021; photographs of any officer working in the segregation unit on those dates; staff personnel file data with names and physical descriptions of any officers working in the segregation unit on those dates; and camera footage for the area of his cell on those dates. Doc. 22 at 1.

No response was filed to the motion seeking discovery. "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). However, Mr. Hester provided no indication that he served discovery requests on any defendant. The District of New Mexico local rules require that a party seeking to compel discovery must attach to the motion a copy of the discovery request and any response or objection. D.N.M.LR-Civ. 37.1. Mr. Hester did not attach any such request to his motion. *See generally* Doc. 22.

---

³ The Court recognizes that two motions for summary judgment are currently pending. Docs. 56; 68. It is the Court's understanding that the addition of one new theory to support Mr. Hester's existing Eighth Amendment claim and the addition of a new count against LCCF and a new defendant will not substantially affect the existing motions. Instead, supplemental *Martinez* Reports and/or motions for summary judgment may be necessary to address the amendments. The Court will order supplemental *Martinez* Reports and set an additional briefing schedule if this course of action becomes necessary.

Additionally, the Court has not held an initial scheduling conference, which normally would govern the discovery process, because prisoner petitions are not included under standard pretrial case management procedures. *See* D.N.M.LR-16.3(d). The Court instead ordered the defendants to file *Martinez* Reports to establish the factual record. Doc. 32. In the GEO Defendants' *Martinez* Report, the GEO Defendants produced information about the officers assigned to Mr. Hester's unit from March 30, 2021, through April 21, 2021. *See generally* Doc. 55-9. Thus, Mr. Hester's motion seeking discovery was premature—he made his request before the *Martinez* Reports were filed. Accordingly, his motion (Doc. 22) is DENIED without prejudice. If Mr. Hester believes he is entitled to additional information not contained in the defendants' *Martinez* Reports, he may file an appropriate motion with the Court.

## CONCLUSION

For the reasons stated above, the Court 1) GRANTS IN PART AND DENIES IN PART the Motion to Clarify/Amend (Doc. 18); 2) GRANTS the Motion to Amend (Doc. 45); and 3) DENIES the Motion Seeking Discovery (Doc. 22). Mr. Hester is ordered to file a Second Amended Complaint by February 24, 2025.

It is so ordered.

**THE PARTIES ARE NOTIFIED** that pursuant to Local Rule 73.1(a), a magistrate judge is assigned to this case "to preside over all non-dispositive pre-trial matters in accordance with FED. R. CIV. P. 72(a)." D.N.M.LR-Civ. 73.1(a). "A party may serve and file objections to [a magistrate judge's order on a non-dispositive pre-trial matter] within 14 days after being served with a copy." FED. R. CIV. P. 72(a). The party's objections must be both timely and specific to preserve an issue for review by the district court or appellate court. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). If objections are timely filed, the district judge must consider the objections, but will only set aside those parts of the magistrate judge's order which are "clearly erroneous" or "contrary to law." FED. R. CIV. P. 72(a). If objections are not timely filed, the firm waiver rule applies. *See Sinclair Wyoming Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 781–83 (10th Cir. 2021) ("the firm waiver rule applies when a party fails to object to a magistrate judge's non-dispositive ruling under Rule 72(a)"). "Under the firm waiver rule, a party who fails to make a timely objection to the magistrate judge's ruling waives appellate review of both the factual and legal questions." *Id*. at 781 n.23 (citations and alteration omitted); *see also* FED. R. CIV. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to.").

_____
LAURA FASHING
UNITED STATES MAGISTRATE JUDGE