**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

WESLEY DEAN HESTER,

      Plaintiff,

v.                                                                                    Case No. 2:23-cv-00516 DHU-LF

LEA COUNTY CORRECTIONAL FACILITY
(GEO GROUP) STAFF; NEW MEXICO
CORRECTIONS DEPARTMENT; WEXFORD
HEALTH SERVICES AND STAFF THEREOF,

      Defendants.

**OMNIBUS ORDER**

This matter comes before the Court on several motions by Plaintiff Wesley Dean Hester. The Court addresses each in turn.

### I.      Motion for Extension of Time (Doc. 141)

Mr. Hester filed a document stylized as objections (Doc. 141) to the Court's proposed findings and recommended disposition ("PFRD," Doc. 140), but in substance, the motion was one for extension of time. *See* Doc. 141. Mr. Hester stated that "NMCD has taken actions against [him] which have deprived [him]" of the right to dispute material facts. *Id.* at 1. He stated that "[a]ll of [his] early filings and the state's and defendant's responses have been taken from [him]" such that he cannot object. *Id*. He requested that the Court furnish him with copies of all previous filings in this case, including the Martinez reports, which he alleges that he has not received or seen. *Id.* at 1–2. He also requested sufficient time to respond after he has received the copies. *Id.* at 2. He discussed that his disability and physical limitations may impact what constitutes a reasonable time to file objections. *Id.* at 2.

The Court construed this filing as a motion for extension of time and set a response deadline. Doc. 142. Defendants timely responded. The GEO Defendants[1] responded that they do not oppose a limited extension of time. Doc. 143 at 1. They noted that they do not operate the facility at which Mr. Hester is housed and therefore have not exercised any power to take his evidence from him. *Id.* They asserted that they lacked knowledge of Mr. Hester's access to documents at his current facility, but they noted that Mr. Hester's statement that he had never received or seen the Martinez report is false based on another filing Mr. Hester has made in which he refers to that document. *Id.* at 2. They further asserted that Mr. Hester's physical limitations do not impede his ability to object timely. *Id.* They "object[ed] to any request that they incur the costs associated with printing and mailing any additional copies of any court documents to Plaintiff." *Id.* The Wexford Defendants[2] filed a notice of joinder and added an argument that another filing Mr. Hester has made indicates that he has read the Wexford Defendants' Martinez report. Doc. 144 at 1. Like the GEO Defendants, they therefore objected to any request that they incur the costs of printing and mailing additional court documents to Mr. Hester. *Id.* at 2.

The New Mexico Corrections Department ("NMCD") opposed an extension of time. Doc. 145 at 1. They noted the Court's observations on the record regarding Mr. Hester's health and ability to litigate and argued that these limitations did not prevent Mr. Hester from responding timely. *Id.* at 1–2. They cited to Mr. Hester's filings, which indicate that he "has been

---

[1] These defendants include the GEO Group, Inc.; Officer Keagen Pollard; Mental Health Director Stacy Massengill-Munroe; Captain Rick Condarco; Case Manager Rachel Gomez; Dwayne Santistevan; and Moriama Valeriano. Doc. 143 at 1.

[2] These defendants include Wexford Health Sources, Inc., and nurse Aiste Chamblin. Doc. 144 at 1.

able to access the filings in this case, review, and respond to them as appropriate." *Id.* at 2. They provided a declaration from Phillip DeHerrera,[3] Unit Manager at the Central New Mexico Correctional Facility ("CNMCF"), where Mr. Hester is housed. *Id.* at 5. Mr. Herrera declares that Mr. Hester has access to writing materials and legal mail as well as assistance with reading or writing. *Id.* at 5–6. Because Mr. Hester has access to these items, NMCD argues that Mr. Hester should not receive an extension of time. *Id.* at 3.

Mr. Hester did not file a reply.

The Court finds that sufficient time has elapsed and an extension no longer is warranted. Mr. Hester's motion was filed on November 6, 2025. Because of its caseload, the Court is addressing this matter in March 2026. Thus, as a preliminary matter, Mr. Hester has had ample opportunity to respond to the PFRD; functionally, he has received an extension of four and a half months on the basis of the time that has elapsed.

Mr. Hester's health has been litigated thoroughly. It has been established that assistance with reading and writing is available to those who require it, and even Mr. Hester admits that he has relied on "the charity of others (when they are available) to transcribe [his] dictation." Doc. 141 at 2; *see also* Doc. 145 at 5–6 (affidavit of Unit Manager Phillip DeHerrera); Doc. 113 at 2. The Court therefore finds that Mr. Hester's physical limitations do not justify an extension of time based on the current record.

As for Mr. Hester's access to the filings on the record in this case, the Court finds that he has received all necessary filings. His earlier briefing made thorough reference to the GEO Defendants' and Wexford Defendants' Martinez reports. *See generally* Doc. 74 (referring to GEO

---

[3] The declaration spells his name two different ways: Phillip D. Herrera in the title, and Phillip DeHerrera in the body of the text.

Defendants' Martinez report, including detailed references to purported contradictions); Doc. 77 (referring to Wexford Defendants' Martinez report, including references to specific pages). NMCD's Martinez report was, functionally, a renewed motion to dismiss; Mr. Hester responded to NMCD's original motion to dismiss. Doc. 57 at 1; Doc. 73 (responding to Doc. 29). He also responded timely to the Court's PFRD. *See* Doc. 141 (responding to Doc. 140). As a result, and because of his responses, the Court concludes that Mr. Hester was given access to his case documents as they were filed.

Whether he still possesses any of these documents is unclear. He states that his "early filings" were "taken from [him]." Doc. 141 at 1. However, in the case of the current PFRD, access to early filings is unnecessary. On September 22 and 24, 2025, Judge Urias filed notices pursuant to Federal Rule of Civil Procedure 56(f) that he believed Mr. Hester did not have evidence to support: 1) his claims against individual defendants Santistevan, Massengil, Condarco, Valeriano, Gomez, and Pollard for failing to remedy Defendant Alderete's alleged abuses, Doc. 137 at 3; 2) his Eighth Amendment claim against the Wexford Defendants regarding his placement in the COVID quarantine pod, Doc. 138 at 1–2; and 3) his Fourteenth Amendment claim against the Wexford Defendants regarding access to his medical file, Doc. 138 at 2. Judge Urias warned that if the parties did not provide evidence within 30 days of the entry of his order, he would grant summary judgment on those claims. Docs. 137, 138. The sufficiency of evidence on these claims is the *only* matter in dispute; all other claims have been resolved. *See generally* Docs. 137, 138. Mr. Hester filed a letter stating that he lacked access to his paperwork, but he did not provide any evidence within the thirty-day period. *See* Doc. 139. Reference to Mr. Hester's early filings is unnecessary because all filings before Judge Urias's September 2025 orders have already been determined not to include sufficient evidence to support the claims still

at issue. Therefore, even if it is true that Mr. Hester does not have access to his earlier filings, such lack of access would not justify an extension.

Accordingly, the Court DENIES Mr. Hester's request for extension.

**II.      Motion for All Contents (Doc. 146); Motion to Provide (Doc. 154); Motion to Provide (Doc. 157); Motion to Provide (Doc. 159)**

Mr. Hester filed a motion stating, in its entirety, "Plaintiff comes before this Court to provide all case [filings] and document[s] of Case No: 2:23-cv-516 DHU-LF to the Plaintiff." Doc. 146. Defendant NMCD asserts that Mr. Hester has not experienced any interference with his legal materials and points to the Declaration of Phillip DeHerrera discussed above. Doc. 150. The Court finds that Mr. Hester has not demonstrated that he requires the Court to provide these documents because, as discussed above, even if he no longer has them, he received them earlier and they are not necessary to respond to the most recent PFRD. The Court therefore DENIES the motion (Doc. 146).

Mr. Hester filed a motion requested the Court to provide him with the "complete and total contents" of this case. Doc. 154. For the same reasons, the Court DENIES this motion. Doc. 154.

Mr. Hester filed another motion requesting "all filings and contents" of this case. Doc. 157. For the same reasons, the Court DENIES this motion. Doc. 157.

Mr. Hester filed another motion seeking all filings in this case as well as broad discovery (including "any and all evidence(s)," "agreements," "orders given; to whom, from who, and when," etc.). Doc. 159. For the reasons above, the Court denies the request for filings in this case. Additionally, discovery is inappropriate at this stage of the case. The Court has granted summary judgment on most issues and a PFRD is pending regarding summary judgment on the remaining issues. Therefore, the Court DENIES this motion. Doc. 159.

### III.   Motion for Time (Doc. 147)

Mr. Hester filed a motion seeking 180 days to "read, comprehend, understand and make sense of" the filings in his case. Doc. 147. Defendant NMCD objects to this motion for the same reasons as it objected to Mr. Hester's previous motion for extension, Doc. 141. Doc. 150. This motion contains no additional argument. Therefore, for the same reason the Court denied Mr. Hester's earlier motion for extension, Doc. 141, the Court DENIES this motion (Doc. 147).

### IV.   Motion Ordering NMCD to Cease and Desist (Doc. 148); Motion to Order (Doc. 155); Motion to Desist (Doc. 156)

Mr. Hester filed a motion stating, "Plaintiff comes before this Court to tell Defendant to cease and desist all [confiscation], tampering, moving all items of Case No. 2:23-cv-516 DHU/LF from Plaintiff Hester and to [provide] Plaintiff with all 2:23-cv-516 DHU/LF." Doc. 148. The Court has received a declaration under oath from Phillip DeHerrera, the unit manager at CNMCF, indicating that Mr. Hester's legal mail and other legal materials are available to him based on Mr. DeHerrera's personal knowledge. Doc. 145 at 6. Therefore, the Court will DENY this motion (Doc. 148).

Mr. Hester also moves the Court "to order NMCD to provide Plaintiff with all correspondence(s) sent to Plaintiff without delay [or] exception." Doc. 155. For the same reasons as above, the Court denies this motion. Doc. 155.

Mr. Hester also moves the Court "to order Defendant NMCD to cease and desist all physical and mental abuses, all confiscation, denial or 'losing,' delaying, or destroying any legal correspondence(s) or mail of any kind [addressed] to or from Plaintiff." Doc. 156. For the same reasons as above, the Court denies this motion with respect to Mr. Hester's mail. The Court presumes that the reference to physical and mental abuses pertains to the notice Mr. Hester filed (Docs. 152, 153). The Court cannot provide relief based solely on Mr. Hester's allegations of

6

wrongdoing. Rather, Mr. Hester must follow CNMCF's grievance procedure. If he exhausts that procedure and believes he has a viable legal claim, the proper approach is to file a new suit alleging that claim rather than to file motions in this suit. The Court therefore DENIES Doc. 156 entirely.

### V. Motion for Court to Order NMCD, GEO Group and Wexford Health Services to Return Property (Doc. 149)

Mr. Hester filed a motion stating, "Plaintiff comes before this Court to order NMCD, Geo Group and Wexford Health Services to return all filings, records, files and all property of Plaintiff to him or to pay Plaintiff fair market value or/and punitive damages." Doc. 149. Defendant NMCD objects to this motion because, among other reasons, Mr. Hester has access to his legal materials. Doc. 151 at 1. For the same reasons as discussed above with regard to Doc. 148, the Court DENIES this motion (Doc. 149).

### VI. Notice to the Court (Docs. 152, 153)

Mr. Hester filed two notices to the Court, both identical; one states that it is the second attempt to send the document. Docs. 152, 153. The notice contains allegations that Mr. Hester was attacked and beaten repeatedly and his property was taken from him. Doc. 152 at 2. He moves the Court to appoint an independent doctor who is "not on Wexford or NMCD payroll" to examine his body and medical record for signs of abuse and neglect and to report back to the Court. *Id.* at 3. These allegations are not part of the complaint in this case, nor is it clear that Mr. Hester exhausted the prison grievance process with regard to these issues. If Mr. Hester believes he has a viable claim against an individual or entity, he may pursue that claim as a grievance or, if he has exhausted the grievance process, as its own court case. However, the Court cannot provide the requested relief pursuant to a notice in the present case.

### VII.    Motion to Provide (Doc. 158)

Mr. Hester moves the Court "to order Defendant NMCD to produce/provide this Court with all video of LTCU cell no. 106 of 12-7-26 from 6AM–6PM and 12-9-25 from 6AM–6PM." Doc. 158. These dates pertain to the new allegations discussed above; they are not part of this case. Therefore, the Court DENIES this motion.

### CONCLUSION

For the reasons discussed above, the Court DENIES Mr. Hester's pending motions. Docs. 141, 146–49, 154–59. It is so ordered.

> **THE PARTIES ARE NOTIFIED that pursuant to Local Rule 73.1(a), a magistrate judge is assigned to this case "to preside over all non-dispositive pre-trial matters in accordance with FED. R. CIV. P. 72(a)."  D.N.M.LR-Civ. 73.1(a).  "A party may serve and file objections to [a magistrate judge's order on a non-dispositive pre-trial matter] within 14 days after being served with a copy."  FED. R. CIV. P. 72(a).  The party's objections must be both timely and specific to preserve an issue for review by the district court or appellate court. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  If objections are timely filed, the district judge must consider the objections, but will only set aside those parts of the magistrate judge's order which are "clearly erroneous" or "contrary to law." FED. R. CIV. P. 72(a).  If objections are not timely filed, the firm waiver rule applies.  *See Sinclair Wyoming Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 781–83 (10th Cir. 2021) ("the firm waiver rule applies when a party fails to object to a magistrate judge's non-dispositive ruling under Rule 72(a)").  "Under the firm waiver rule, a party who fails to make a timely objection to the magistrate judge's ruling waives appellate review of both the factual and legal questions."  *Id.* at 781 n.23 (citations and alteration omitted); *see also* FED. R. CIV. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to.").**

_____
LAURA FASHING
UNITED STATES MAGISTRATE JUDGE