**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

WESLEY DEAN HESTER,

Plaintiff,

v. Case No. 2:23-cv-00516 DHU-LF

LEA COUNTY CORRECTIONAL FACILITY (GEO GROUP) STAFF; NEW MEXICO CORRECTIONS DEPARTMENT; WEXFORD HEALTH SERVICES AND STAFF THEREOF,

Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter comes before the Court on plaintiff Wesley Dean Hester's Motion to Move Case to Another Court, filed June 24, 2026 (Doc. 171), and Motion for Court to Provide Initial Case Filings, filed June 24, 2026 (Doc. 172). District Judge Davis H. Urias referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. 14. Having reviewed both motions and the applicable law, I recommend that the Court deny both motions.

This case was closed on April 21, 2026. Doc. 170. Two months after the case was closed, Mr. Hester moved to transfer this case to another court (Doc. 171) and for the Court to provide him a copy of the filings in this case (Doc. 172). The Federal Rules of Civil Procedure permit post-judgment motions in the form of 1) a motion to alter or amend the judgment pursuant to Rule 59(e), or 2) a motion seeking relief from the judgment pursuant to Rule 60(b). *Van Skiver v. United States*, 952 F.2d (10th Cir. 1991). A motion filed within twenty-eight days after the entry of judgment is a Rule 59(e) motion, and a motion filed after that is a Rule 60(b) motion. *See*

*Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) (applying older deadlines). Mr. Hester's motion was filed more than twenty-eight days after the entry of judgment and therefore is properly construed as a Rule 60(b) motion.

Rule 60(b) allows a party to move for relief from a final judgment based on a variety of factors. However, Mr. Hester does not seek relief from the final judgment. He seeks a transfer of this case to another court and copies of the case filings. These requests do not establish grounds for relief under under Rule 60(b).

Accordingly, I recommend that the Court DENY both motions. Docs. 171, 172.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court. *Id.* In other words, if no objections are filed, no appellate review will be allowed.**

LAURA FASHING
UNITED STATES MAGISTRATE JUDGE